UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. C-07-627-2 |
| | § | (CIVIL ACTION NO. C-11-247) |
| ELMO BAILEY | § | |

## ORDER DISMISSING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE AND DENYING A CERTIFICATE OF APPEALABILITY

Pending before the Court is Defendant Elmo Bailey's (Bailey) motion pursuant to 28 U.S.C. § 2255 (D.E. 74) which was received by the Clerk on August 1, 2011. The motion is dated July 25, 2011. The Court concludes that it is not necessary to order a government response because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS (§ 2255 RULES). Bailey's motion is DISMISSED WITH PREJUDICE and he is DENIED a certificate of appealability.

### I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

### II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Bailey was indicted on November 29, 2007, for possession with intent to distribute more than 100 kilograms of marijuana, approximately 511 kilograms of marijuana, in violation of 21 U.S.C. §§841(a)(1), 841(b)(1)(B), 18 U.S.C. § 2. D.E. 1. Bailey was arrested in North Carolina in January 2009. D.E. 16. Counsel was appointed for Bailey in February 2009 and he was arraigned before a federal Magistrate Judge a month later. D.E. 20, Minute Entry of 03/11/2009.

Bailey was convicted on the sole count of the indictment after a one day jury trial in April 2009. D.E. 51. A Presentence Investigation Report (PSR) was ordered. D.E. 52.

The PSR calculated Bailey's offense using the 2008 edition of the Sentencing Guidelines. D.E. 58. The base offense level was calculated to be 28, based upon 473.8 kilograms of marijuana. Id. at ¶ 15. Bailey had no criminal history points. His Guideline sentencing range was 78-97 months. Id. at ¶ 42.

No objections were filed to the PSR. Sentencing was held on June 23, 2009. Bailey was sentenced to a low end guideline sentence of 78 months in the Bureau of Prisons, 4 years supervised release, no fine and a $100 special assessment. D.E. 62. Judgment was entered on June 30, 2009. D.E. 65. Bailey did not appeal. He filed this motion pursuant to 28 U.S.C. § 2255 on July 25, 2011.[1]

### III. MOVANT'S ALLEGATIONS

Bailey did not use the prescribed form for filing his § 2255 motion, but he clearly invoked the statute as the basis for his claims. His claims are not a model of clarity.

Bailey's first claim is the indictment failed to state a crime. Bailey claims the indictment is insufficient because it fails "to allege facts by and through a witness competent to testify . . . and attesting to authenticated evidence to show a violation of federal law . . . ." D.E. 74 at 1.

In his second claim, Bailey asserts he was deprived of due process because "no document was presented which provided the name of any witness empowering the undersigned to argue and present witnesses, testimony or evidence at an arraignment hearing, testing the sufficiency of the indictment." Id.

---

[1] Bailey is entitled to the benefit of the mailbox rule pursuant to Rule 3(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts. "A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mail system on or before the last day for filing." Id.

He further claims that his arraignment deprived Bailey of judicial review of the indictment because it was conducted by a federal Magistrate Judge, rather than an Article III judge. The Magistrate Judge "lack[ed] authority to exercise judicial discretion which should have determined the indictment to be insufficient on its face." Id. at 1-2.

Next, Bailey claims that his Sixth Amendment right to confront witnesses was violated because "no competent fact witness appeared and testified, subject to cross examination attesting to authenticated evidence." Bailey finally claims "prosecutorial misconduct by manufacturing evidence" that was improperly admitted at trial resulting in an unjust result. Id.

### IV.  ANALYSIS: STATUTE OF LIMITATIONS

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final.[2]  28 U.S.C. § 2255.  The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. Clay v. United States, 537 U.S. 522, 532 (2003); United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000) (per curiam).

In 2009, a criminal defendant was required to file a notice of appeal not later than ten days after entry of judgment. Fed. R. App. P. 4(b). At the time that Bailey's criminal judgment was entered, Rule 26(a)(2) provided that the ten-day period for appealing excluded intermediate

---

[2]  The statute provides that the limitations period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Saturdays, Sundays and legal holidays.[3] Under Rule 26 in effect at that time, ten days after June 30, 2009, was Tuesday July 14, 2009, which meant that Bailey's notice of appeal had to be filed not later than Tuesday, July 14, 2009.

Because Bailey did not appeal, his conviction became final when the time for filing an appeal expired, or on Tuesday, July 14, 2009. He had one year from that date, or until July 14, 2010, to file his § 2255 motion. Bailey's § 2255 motion was filed July 25, 2011, more than a year late, and is untimely.

Bailey does not address the untimeliness of his motion. Although the limitations period for § 2255 motions is not considered a jurisdictional bar, it is subject to equitable tolling "only 'in rare and exceptional cases.'" United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002) (quoting Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)). Because Bailey does not address the issue, this Court has no basis to determine whether Bailey's case meets the stringent requirements for equitable tolling. Accordingly, the Court concludes that Bailey's failure to file his § 2255 motion within the one-year limitations period requires that the motion be dismissed with prejudice as time-barred.

## V.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Bailey has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

---

[3]  At the time the judgment was entered against Bailey, Rule 26(a) provided that when calculating time a litigant should "[e]xclude intermediate Saturdays, Sundays, and legal holidays when the period is less than 11 days, unless stated in calendar days." Fed. R. App. P. 26(a)(2).

A COA "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Bailey is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. See Jones, 287 F.3d at 329.

## VI. CONCLUSION

For the foregoing reasons, Bailey's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 74) is DISMISSED WITH PREJUDICE. He is also DENIED a Certificate of Appealability.

SIGNED and ORDERED this 4th day of August, 2011.

*Janis Graham Jack*
Janis Graham Jack
Senior United States District Judge